UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETTORE MAZZEI,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE CO., PENNSTAR, and ANDREA POMETTO,<br><br>    Defendants. | **MEMORANDUM AND ORDER**<br><br>No. 25-cv-1408 (NRM) (CLP) |

**NINA R. MORRISON**, United States District Judge:

  Plaintiff Ettore Mazzei, who is currently detained on Rikers Island, filed this *pro se* civil action against insurance companies and an individual who claimed to have been injured on Plaintiff's property. ECF No. 1. Pl0aintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. ECF No. 2. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

  The complaint is filed on a form complaint for civil actions. In the space to provide a basis for the federal court's jurisdiction, Plaintiff checks the box for diversity of citizenship. ECF No. 1 at 3. Plaintiff provides New York addresses for himself and asserts that one of the Defendants is a citizen of New York. *Id.* The following factual allegations are taken from the complaint and are assumed to be true for purposes of this Order.

Defendant Andrea Pometto was a guest at Plaintiff's property on September 12, 2022 when she fell down the stairs. ECF No. 1 at 4, 6. Plaintiff asserts that Pometto's fall was "due to her own volition" because she was holding drinks in both hands instead of using the handrails and was high on alcohol and prescription pills. *Id.* Pometto brought a personal injury lawsuit against Plaintiff. *Id.* at 4. Defendants Pennstar and Liberty Mutual Insurance Co. defended the action and reached a settlement with Pometto. *Id.* Plaintiff asserts that Pometto lied about the circumstances of the fall and that the insurance companies failed to depose a crucial witness. *Id.* at 6. As a result of the settlement, "Plaintiff can't secure general liability and property insurance on his building." *Id.* at 4.

Plaintiff asserts "fraud, material misrepresentation, unjust enrichment, knowledge of lies, lacking good conscience, errors, and insufficient evidence." *Id.* at 6. He seeks $600,000 in damages to cover increased insurance costs and other harms. *Id.*

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Complete diversity of citizenship means that all the defendants are domiciled in a different state than the plaintiff. *See* 28 U.S.C. § 1332. *See also Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." (internal quotation marks omitted)). "Domicile has been described as the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v.*

*Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted). The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could get damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (alterations adopted)).

## DISCUSSION

Plaintiff asserts diversity jurisdiction, although it is not clear what state law or other tort claims he is bringing. In any case, he has not established diversity of citizenship. Plaintiff alleges that he and Defendant Pometto both reside in New York State. Thus, the parties are not completely diverse. As Plaintiff has failed to establish diversity jurisdiction under 28 U.S.C. § 1332, nor does his complaint suggest any basis for federal question jurisdiction, the complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 269 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to enter judgment and to send a copy of this Order and the Judgment to Plaintiff.

SO ORDERED.

                                                 */s/ NRM*
                                                 NINA R. MORRISON
                                                 United States District Judge

Dated:    May 16, 2025
           Brooklyn, New York